UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NICOLE JERICA HARRIS,

        Plaintiff,

v.

A1 INTERVENTIONS, INC.,
DOMINIC V. FORTE,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

      Plaintiff, NICOLE JERICA HARRIS, brings this action against Defendants, A1 INTERVENTIONS, INC. and DOMINIC V. FORTE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff NICOLE JERICA HARRIS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to telephone communication with customers in different states including but not limited to New York, Louisiana, South Carolina, Texas, and New Mexico.

4. At all times material hereto, Defendant, A1 INTERVENTIONS, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of selling pain creams and other medical products, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its

1

employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, DOMINIC V. FORTE, is a resident of Palm Beach County, Florida and was, and now is, a manager of Defendant, A1 INTERVENTIONS, INC., controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of A1 INTERVENTIONS, INC. Accordingly, DOMINIC V. FORTE was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7. Plaintiff NICOLE JERICA HARRIS worked for Defendants as a telemarketer.

8. Defendants failed to pay Plaintiff her full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

9. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

10. Defendants failed to pay Plaintiff's full and proper regular wages during certain periods of Plaintiff's employment.

11. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT A1 INTERVENTIONS, INC.

18. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

20. Plaintiff entered into an oral contract for wages at the rates of pay indicated in Plaintiff's Statement of Claim.

21. Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wage with Defendant.

22. Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

23. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791